UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS DUPREÉ CALLOWAY,

               Plaintiff,

       -against-

JAIRO JOSE ARAGON PEREZ; BRYAN
PEREZ,

             Defendants.

25-CV-8710 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, invokes the court's federal question jurisdiction, alleging that

Defendants violated his rights.  By order dated November 13, 2025, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (ECF No. 8.)

Plaintiff filed the original complaint on October 20, 2025. (ECF No. 1.)  On November 13, 2025,

without direction from the Court, he filed an amended complaint.  (ECF No 6.)  On December

23, 2025, again without direction from the Court, Plaintiff filed what he labels a third

amendment complaint.[1]  The third amended complaint (ECF No. 12) is the operative pleading.

For the reasons set forth below, the Court dismisses the third amended complaint, but grants

Plaintiff leave to replead his claims in a fourth amended complaint.


**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Although Plaintiff's third complaint is actually his second amended complaint, the
Court will refer to that filing as a third amended complaint to be consistent with Plaintiff's
labeling and the description of the filing on the court's docket.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.] *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

Plaintiff brings his claims using the court's general complaint form.  Plaintiff names two private individuals as defendants: Jairo Jose Aragon Perez ("Jairo") and Bryan Perez ("Perez"). Plaintiff checks the box on the complaint form to invoke the court's federal question jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Marriage fraud for immigration evasion of process and to obtain benefits & citizenship."  (ECF No. 12, at 2.) [2]

The following allegations are drawn from the third amended complaint.  Plaintiff and Jairo had a romantic and sexual relationship beginning around July 2023.  Jairo cheated on Plaintiff, manipulated him into an ongoing sexual relationship, infected him with genital herpes, and caused him emotional harm.  (*Id*. at 6-7.)  On August 10, 2023, Jairo accused Plaintiff of cheating on him, and "threatened to kill [Plaintiff] verbally in Spanish twice."  (*Id.* at 10.)  In February 2024, Plaintiff sent a text message to Jairo saying that Jairo "was going to pay for all the things he did to [Plaintiff]."  (*Id.* at 11.)  Jairo showed the message to the police and encouraged Plaintiff to turn himself in, which Plaintiff did.  However, "Jairo did not believe that [Plaintiff] turned [him]self in and even after this experience, he continued to have sex with [Plaintiff] and used this event against [him] for the rest of [their] time together."  (*Id.*)

On June 10, 2024, at a Brooklyn Pride parade, Plaintiff ran into Jairo and learned that he was married to Perez.  Perez informed Plaintiff of other sexual relationships that Jairo had, and told Plaintiff that Jairo "needs help and that he was sorry for [Jairo's] behavior."  (*Id.* at 12.) Plaintiff alleges that Perez "is fully aware of [Jairo's] behavior yet enables it all with completely

---

[2] The Court quotes from the third amended complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

spoiling [Jairo] with expensive material items and trips around the country." (*Id.*) Plaintiff maintains that Jairo's marriage to Perez is a "fraud and illegal" and "they do not live with each other and [Jairo] does not wear his wedding ring." (*Id.*)

On November 20, 2024, two days after having sex with Jairo, Plaintiff tested positive for anal genital herpes. (*Id*. at 14.) Jairo denied having herpes but refused to show Plaintiff his test results. (*Id*.) Jairo continued to deny having herpes but has nonetheless "been having unprotected sex with [Plaintiff] up until August 2025," as well as with "multiple other people." (*Id.*) Plaintiff alleges that he reported Jairo to the police for having unprotected sex with men who were not aware that he was married or that he had genital herpes.

Jairo "attempted to intimidate" Plaintiff by filing two "fabricated police report[s]" against Plaintiff and obtained a restraining order against him. (*Id.* at 20.) Plaintiff also sought to obtain a restraining order against Jairo. (*Id.*) "Prior to [Plaintiff] getting a restraining order, Jairo used an excuse of having a restraining order against [Plaintiff] for over a year in order to control [their] relationship by hiding from [Plaintiff] and his other sexual partners and husband Bryan Perez." (*Id.*)

On October 20, 2025, after filing the initial complaint in this action, Plaintiff was arrested at the New York City Police Department's 30th Precinct "without question and without investigation." (*Id.*) Plaintiff does not state for what he was arrested or allege any facts about any subsequent criminal prosecution. He does, however, appear to suggest that the arresting detective was also having sexual relations with Jairo. (*See id.* at 21.)

Plaintiff seeks money damages, as well as an order "terminat[ing]" Jairo's marriage to Perez. Plaintiff also seeks Jairo's arrest and prosecution, and would like Perez "to face consequences as well." (*Id.* at 28.)

**DISCUSSION**

**A.      Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth  in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).

Here, although Plaintiff invokes the court's federal question jurisdiction, his allegations do not suggest a viable claim under federal law.  Plaintiff primarily asserts tort claims, which arise under state law.  To the extent Plaintiff seeks to assert federal constitutional claims against Defendants, he cannot do so because they are not state actors.  A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").  Plaintiff brings claims against two private individuals, and Plaintiff does not allege facts suggesting that either of them is employed by a government entity or should otherwise be considered a state actor under Section 1983.  Because Plaintiff cannot state a viable federal claim against Defendants, the Court lacks federal question jurisdiction of this action.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff primarily asserts claims that arise under state law, such as intentional infliction of emotional distress, negligence, fraud, and assault or battery.  Plaintiff, however, does not allege facts demonstrating that the Court has diversity or citizenship jurisdiction of his state law claims.  To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Diversity exists between "citizens of a [U.S.] State and citizens or subjects of a foreign state," unless the foreign citizen is "lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as the United States citizen.  28 U.S.C. § 1332(a)(2); *see Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024)

(explaining that the limiting clause in 28 U.S.C. § 1332(a)(2) "prevent[s] diversity jurisdiction in cases between a U.S. citizen and a permanent resident domiciled in the same state," even though the permanent resident remains a "citizen or subject of a foreign state" (alterations adopted and citation omitted)).

In addition, to demonstrate diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff does not allege facts demonstrating that the parties are diverse.[3] Plaintiff alleges that he and Perez are both citizens of the State of New York, thereby destroying complete diversity of the parties. Furthermore, although Plaintiff states that Jairo is a citizen of Colombia (ECF 12, at 3), he also alleges facts suggesting that, on account of his marriage to Perez, Jairo is a United States citizen or lawful permanent resident (*see, e.g.*, *id.* at 17). If Jairo is a United States citizen or lawful permanent resident of the United States and is residing in the State of New York, then diversity of citizenship does not exist between Plaintiff and Jairo.

Because Plaintiff has not demonstrated that complete diversity of citizenship exists between the parties, the Court lacks diversity of citizenship jurisdiction to consider his claims under state law.

The Court grants Plaintiff leave to replead his state law claims in a fourth amended complaint that removes Perez as a defendant and alleges facts demonstrating that Jairo is not a United States citizen and is not a permanent resident of the United States who is residing in the State of New York. *See Jaser v. New York Prop. Ins. Underwriting Ass' n*, 815 F.2d 240, 243

---

[3] Even though Plaintiff does not state the amount of damages he is seeking, the Court assumes, for the purposes of this order, that Plaintiff's claims are worth more than the $75,000 jurisdictional threshold.

(2d Cir. 1987) (stating that a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship").  If Plaintiff repleads his claims against Jairo, he must also allege facts demonstrating that his claims are worth more than $75,000.

The Court's dismissal of Plaintiff's state law claims is also without prejudice to Plaintiff pursuing such claims in an appropriate state court forum.

## B.    Leave to Amend is Granted

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to demonstrate that the Court has diversity jurisdiction over his state law claims against Jairo, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies identified above.[4]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

---

[4] The Court notes that Plaintiff has filed multiple letters that he asserts contain "evidence" of his claims.  (*See* ECF Nos. 7, 9, 11.)  At the pleading stage, Plaintiff's complaint need only make a short and plain statement showing that the pleader is entitled to relief.  Plaintiff need not prove his allegations or provide supporting evidence at this stage of the litigation.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), without prejudice, for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  The Court grants Plaintiff 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 4, 2026
          New York, New York

                                          /s/ Kimba M. Wood
                                          KIMBA M. WOOD
                                          United States District Judge